UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALEUS WILDES,

           Petitioner,

v.

CHRISTOPHER CHESTNUT,

           Respondents.

No. 1:26-cv-02273-DJC-SCR

ORDER

A# 244-798-564

Petitioner Aleus Wildes is an immigration detainee proceeding with a Petition for Writ of Habeas Corpus (ECF No. 1). The Court has previously addressed the legal issues raised in Counts 1 and 2 of the Petition. *See M.B. v. Noem*, 1:26-cv-00005-DJC-AC, 2026 WL 74155 (E.D. Cal. Jan. 9, 2026); *Oli v. Andrews*, No. 1:26-cv-00477-DJC-AC, 2026 WL 253425 (E.D. Cal. Jan 30, 2026).[1]

Pursuant to 28 U.S.C. § 2243, the Court directed Respondents to file a return showing cause why the Court should not grant a writ of habeas corpus as to Counts 1 and 2 and identify any factual or legal issues in this case that distinguish it from the Court's prior orders. (ECF No. 3.) Respondents do not identify and factual or legal issues that distinguish it from the Court's prior orders. (*See* ECF No. 6.)

---

[1] The Court originally identified cases that concern Petitioner's previously released on conditional parole under 8 U.S.C. § 1226(a). Subsequent documentation provided by Respondents made clear that Petitioner had been paroled under 8 U.S.C. § 1182(d)(5). (*See* ECF No. 6-2 at 1.) While this does not materially change the analysis of Petitioner's due process rights, the Court here identifies cases that directly address release on section 1182(d)(5) parole.

1

Accordingly, as Respondents have not made any new legal arguments and have not identified any factual or legal issues in this case that would distinguish it from the Court's prior decisions cited above, IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED as to Counts 1 and 2, for the reasons stated in those prior orders.[2]

Respondents are ORDERED to immediately release Petitioner Aleus Wildes from their custody.  Respondents shall not impose any additional restrictions on Petitioner, unless that is determined to be necessary at a future pre-deprivation/custody hearing.  Respondents are permanently ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating Petitioner's arrest and detention, and a timely hearing.  At any such hearing, the Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have their counsel present.  This Order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal.

The Clerk of the Court is directed to close this case and enter judgment for Petitioner.  This Order resolves all pending motions.

IT IS SO ORDERED.

Dated:   **April 1, 2026**

_Daniel J. Calabretta_
Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

---

[2] In the interests of judicial economy, the Court declines to address the remaining grounds for relief in the Petition.

2